WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| BILL JOHNSON'S RESTAURANTS, INC., ) | | |
| ) | | |
| Debtor, ) | | |
| _____) | | |
| ) | | |
| JOHNNY JOHNSON, ANNA JOHNSON, ) | | |
| RUDY JOHNSON, and DIANA JOHNSON, ) | | |
| ) | | |
| Appellants, ) | No. 2:13-cv-2530-HRH | |
| ) | | |
| vs. ) | Bankruptcy Court | |
| ) | No. 2:11-bk-22441-SSC | |
| BILL JOHNSON'S RESTAURANTS, INC., ) | | |
| ROBERT ROYAL and DARCY ROYAL, ) | Adversary Proc. | |
| ) | No. 2:13-ap-01129-SSC | |
| Appellees. ) | | |
| ) | | |
| _____) | | |

O R D E R

Motion to Dismiss

Robert and Darcy Royal move to dismiss the appeal filed by appellants, or in the alternative, to compel appellants to file a motion for leave to file an interlocutory appeal.[1]

---

[1]Docket No. 15.

Harrell Dean "Dena" Cameron; Sherry Cameron; Bill Wyman; Sherry and Jim Novak; Bill Johnson's Restaurants, Inc.; and Matthew R. Hartley, Trustee of the BJRI CT Trust, join in the Royals' motion.[2] The Royals' motion is opposed.[3] Oral argument was not requested and is not deemed necessary.

## Background

On August 4, 2011, the debtor, Bill Johnson's Restaurants, Inc., filed a petition for Chapter 11 bankruptcy. On May 1, 2013, the bankruptcy court affirmed the debtor's Plan for Reorganization. As part of that Plan, a creditors' trust (the CT Trust) was established and all "Causes of Action" that the debtor and its Estate had against the "Former Professionals and Shareholders" were transferred to the CT Trust.

On May 2, 2013, the reorganized debtor and the trustee of the CT Trust filed an adversary proceeding against the former professionals and shareholders. The shareholders named in the adversary proceedings included appellants (the Johnsons), Dena and Sherry Cameron, and Sherry and Jim Novak. The complaint in the adversary proceeding alleged claims of professional negligence, breaches of fiduciary duty, aiding and abetting, and conspiracy.

---

[2]Docket Nos. 16-18.

[3]Docket No. 19.

On July 31, 2013, appellants filed a complaint in a state court[4] which named the Royals, the Camerons, the Novaks, Bill Wyman, and others as defendants and which alleged breach of fiduciary duty, fraud, racketeering, intentional infliction of emotional distress, abuse of process, and misrepresentation claims ("the state court claims").  This complaint was removed to the bankruptcy court.

After removal, the reorganized debtor filed a motion, in which the Royals joined, to stay appellants' state court claims.  On November 26, 2013, the bankruptcy court held that appellants were "barred by the [c]ourt's order confirming the Plan from bringing their claims against the former professionals and shareholders, except for the claim of emotional distress...."[5]  As for the claim of emotional distress, the bankruptcy court found that "there are insufficient facts set forth as to [that] claim to allow it to proceed."[6]  Thus, the bankruptcy court concluded that it would "issue an injunction or stay of the emotional distress claim, ... until the Adversary Proceeding now pending in this [c]ourt is resolved by settlement, dismissal, or a trial on the merits."[7]

---

[4]Appellants had filed another complaint in state court in October 2012.

[5]Memorandum Decision at 14, Exhibit A, Notice of Appeal, attached to Trnasmittal of Appeal, Docket No. 1.

[6]Id.

[7]Id.  The reorganized debtor and the CT Trustee commenced the Adversary Proceeding against the former professionals and shareholders, alleging breach of fiduciary (continued...)

On December 10, 2013, appellants filed a notice of appeal of the bankruptcy court's November 26, 2013 order.[8]

On December 17, 2013, appellants filed an amended notice of appeal to include a December 10, 2013 order of the bankruptcy court.[9] In the December 10, 2013 order, the bankruptcy court found that "Rudy Johnson and Johnny Johnson improperly brought causes of action that were property of the Reorganized Debtor pursuant to the Plan of Reorganization and the Stipulated Order Confirming the Plan of Reorganization."[10] The bankruptcy court ordered

> that as a result of the Order of Confirmation, Rudy Johnson and Johnny Johnson are barred from bringing their claims against former professionals and shareholders of the Debtor, except for the claim of emotional distress, which is stayed until the Reorganized Debtor's adversary proceeding ... is resolved by settlement, dismissal, or a trial on the merits.[11]

---

[7](...continued)
duty claims and professional negligence claims. Id. at 4.

[8]Notice of Appeal, attached to Transmittal of Appeal, Docket No. 1.

[9]Docket No. 4.

[10]Order Clarifying Order of Confirmation at 1, Exhibit A, Amended Notice of Appeal, attached to Transmittal to District Court, Docket No. 4.

[11]Id. at 2.

On February 11, 2014, the bankruptcy court advised this court "that a Certificate that the Record of Appeal is Complete cannot be filed because" the "Designation of Record" and "Statement of Issues" had not been filed.[12]

The Royals now move to dismiss this appeal.

## Discussion

The Royals first argue that this appeal must be dismissed due to a lack of jurisdiction. A district court has "appellate jurisdiction over final judgments, orders, and decrees of bankruptcy judges pursuant to 28 U.S.C. § 158(a)(1)." In re Belli, 268 B.R. 851, 854 (9th Cir. BAP 2001). "A 'final decision' is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Klestadt & Winters, LLP v. Cangelosi, 672 F.3d 809, 813 (9th Cir. 2012) (quoting Caitlin v. United States, 324 U.S. 229, 233 (1945)). "An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." In re Merle's Inc., 481 F.2d 1016, 1018 (9th Cir. 1973).

However, "the finality rules are to be given additional flexibility in the context of bankruptcy proceedings." In re Frontier Properties, Inc., 979 F.2d 1358, 1363 (9th Cir. 1992). "[A] bankruptcy order is appealable where it 1) resolves and seriously affects substantive

---

[12]Docket No. 14.

rights and 2) finally determines the discrete issue to which it is addressed." Id. "Traditional finality concerns still dictate, however, that '[w]e avoid having a case make two complete trips through the appellate process.'" Id. (quoting In re Vylene Enters., 968 F.2d 887, 895 (9th Cir. 1992)).

The Royals acknowledge that the bankruptcy court's November 26 order may have an effect on appellants' substantive rights but they argue that the order does not resolve appellants' substantive rights. Rather, according to the Royals, the order merely enforces the confirmed Plan by holding that only the CT Trustee may prosecute certain claims and stays the prosecution of the emotional distress claim, which is the only claim that still belongs to appellants. The Royals also argue that the bankruptcy court's November 26 order does not finally determine the discrete issue in question because the bankruptcy court has stayed the prosecution of the emotional distress claim. The Royals argue that because there are further steps that must be taken in order for the merits of the emotional distress claim to be adjudicated, the November 26 order cannot be considered a final order. In short, the Royals argue that the bankruptcy court's November 26 order is an interlocutory order, not a final order, because it does not conclusively determine the outcome of the state court claims reserved to the CT Trustee or the stayed emotional distress claim.

The November 26 order does not address the merits of the state law claims and thus it is not a final order in the traditional sense. However, because this is a bankruptcy appeal,

"'[f]lexible finality'" applies. In re Belli, 268 B.R. at 854. As appellants point out, in the November 26 order, the bankruptcy court determined that appellants do not have direct actions against the former professionals and shareholders except for the emotional distress claim. That determination resolves and seriously affects appellants' right to bring their state law claims. The bankruptcy court's November 26 order also finally determined the discrete issue of whether appellants have direct action claims, as opposed to derivative claims, against the former professionals and shareholders. Under the flexible finality approach, the November 26 order should be treated as a final order for purposes of a bankruptcy appeal. And, if the November 26 order is an appealable final order, then the clarification order is also a final order because it merely restates the holdings of the November 26 order. Because the bankruptcy court orders are final appealable orders, this court has jurisdiction over the appeal.

But even if the court has jurisdiction over this appeal, which it does, the Royals argue that the appeal should still be dismissed because appellants failed to perfect their appeal. Rule 8006, Federal Rules of Bankruptcy Procedure, provides that "[w]ithin 14 days after filing the notice of appeal ... the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." "Rule 8001 states that when an appellant fails to perfect his or her appeal, he or she is subject to "such action as the district or bankruptcy court deems

appropriate, which may include dismissal of the appeal." In re Fitzsimmons, 920 F.2d 1468, 1472 (9th Cir. 1990) (quoting Fed. R. Bankr. 8001(a)). "[A]s a general rule the district court must consider alternative sanctions to dismissal" if an appellant fails to perfect an appeal. Id. The court considers "the relative fault of the client and the attorney being sanctioned." In re Aspen Healthcare, Inc., 265 B.R. 442, 447 (N.D. Cal. 2001). "Bad faith behavior is an 'egregious circumstance' that justifies dismissal because bad faith 'poses such a serious threat to the authority of the district court.'" Id. (quoting Fitzsimmons, 920 F.2d at 1474). The court may also consider whether appellees have been prejudiced by the appellant's delay in perfecting the appeal. Id.

Here, there has not been a significant delay. On February 27, 2014, appellants filed the required "Designation of Record" and "Statement of Issues" in bankruptcy court.[13] Moreover, appellants' counsel has explained that any delay in perfecting the appeal is due to the recent death of appellant Rudy Johnson and the recent hospitalizations of appellant Johnny Johnson. There is also no evidence of bad faith nor is there any evidence that the Royals have been prejudiced by appellants' failure to perfect their appeal. Thus, the court declines to dismiss appellants' appeal for failure to comply with Rule 8006. The court also declines to impose any lesser sanctions given that appellants have now filed their

---

[13]It does not appear that appellants moved for leave from the bankruptcy court to file their designation and statement of issues late, but the bankruptcy court docketed these filings as well as the Royals' designation of additional items to be included in the appellate record. Docket Nos. 611, 612, & 614, Case No. 2:11-bk-22441-SSC.

"Designation of Record" and "Statement of Issues" and there has been no prejudice to the Royals. See In re Turner, 186 B.R. 108, 113 (9th Cir. BAP 1995) (declining to impose any lesser sanctions because issues were fully developed by both parties to the appeal and there had been no prejudice to the appellee). The court will "permit [appellants'] appeal to go forward." Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986).

## Conclusion

The Royals' motion to dismiss[14] is denied. As soon as the record is complete, the clerk of the bankruptcy court shall transmit to this court a certificate to that effect so that this appeal may be docketed. See In re Frye, 389 B.R. 87, 88-89 (9th Cir. BAP 2008). Once the appeal is docketed, the court will issue a scheduling order.

DATED at Anchorage, Alaska, this 25th day of March, 2014.

/s/ H. Russel Holland
United States District Judge

---

[14] Docket No. 15. Because the court has determined that the bankruptcy court orders are appealable final orders, there is no need for the court to consider the Royals' alternative motion to compel appellants to file a motion for leave to file an interlocutory appeal.